UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHAN LEON MARSHALL,

     Petitioner,

v.

                                        Case No.  3:23-cv-1402-BJD-PDB
                                                3:22-cr-75-BJD-PDB

UNITED STATES OF AMERICA,

     Respondent.

_____

## **ORDER**

## I. INTRODUCTION

Petitioner Stephan Leon Marshall, a federal inmate, is proceeding *pro se* on a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Civ. Doc. 1, Crim. Doc. 46).[1] The Government opposes the Motion (Civ. Doc. 3). Petitioner was afforded an opportunity to file a reply, *see* Doc. 2 ¶ 3, but he did not. Also before the Court are two other filings by Petitioner: a copy of a letter Petitioner sent to the United States Probation Office regarding an

---

[1] Citations to the record in the civil case will be denoted "Civ. Doc.," and citations to the record in the criminal case will be denoted "Crim. Doc." Page numbers are those assigned by the Court's electronic case management system.

alleged error in his Pretrial Sentence Investigation (PSI) Report (Doc. 5); and a Motion to correct his PSI report (Doc. 6) (Motion to Correct).

Before addressing Petitioner's Motion to Vacate, the Court notes that his letter is due to be stricken because it is not a proper motion and seeks no relief from this Court. In his Motion to Correct, Petitioner complains that the Federal Bureau of Prisons (BOP) "erroneously" assigned him four points under the category of "violence" on his Custody Classification Form, which resulted in him being "classified with a history of serious violence" and precludes his transfer to a lower security institution. *See* Civ. Doc. 6 at 2–3; *see also* Civ. Doc. 6-1; Civ. Doc. 6-2 at 9. He requests that the Court direct the BOP to "remove the points" he disputes, so he can be reclassified. *See* Civ. Doc. 6 at 3.

Not only is the relief Petitioner seeks in his Motion to Correct unrelated to that sought in his Motion to Vacate, but Petitioner is challenging a custody determination, which relates to the *conditions* of his confinement, not the fact or duration of his confinement. Such a claim is not cognizable through a habeas corpus action. *See Ratcliff v. Warden, FCC Coleman-USP I*, No. 5:08-CV-414-OC-10TBS, 2012 WL 13071144, at *2 (M.D. Fla. July 23, 2012) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Muhammad v. Close*, 540 U.S. 9, 750 (2004)) (dismissing the petitioner's § 2241 petition as not cognizable because he was "challenging the [BOP's] allegedly improper use of expunged records to

classify him as a high-security inmate and to refrain from transferring him to a medium-security prison"); *see also Jackson v. Neely*, No. 7:24-CV-01020-LCB-NAD, 2025 WL 2027449, at *3 (N.D. Ala. May 7, 2025), *report and recommendation adopted*, 2025 WL 2025170 (July 18, 2025) ("Because challenges to custody classifications fall outside the scope of habeas corpus, any such claim must be filed as a conditions of confinement claim in a civil rights action."); *Guidry v. Warden FCI Talladega*, No. 1:18-CV-941-KOB-GMB, 2020 WL 1237961, at *2 (N.D. Ala. Feb. 4, 2020), *report and recommendation adopted*, 2020 WL 1235724 (Mar. 12, 2020) (["T]he petitioner's challenge to his classification fails to raise a claim cognizable in a § 2241 petition."). As such, Petitioner's Motion to Correct will be denied.

## II. Evidentiary Hearing

Under § 2255 and Rule 8(a) of the Rules Governing § 2255 Proceedings,[2] the Court has considered the need for an evidentiary hearing and determines that a hearing is unnecessary. *See Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) ("The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"); *see also Tejada v.*

---

[2] Rule 8(a) of the Rules Governing § 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

*Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that a § 2255 movant is not entitled to a hearing "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible").

### III.  STANDARD OF REVIEW

Under Title 28, United States Code, § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence on one of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. *United States v. Addonizio*, 442 U.S. 178, 184–86 (1979). The movant "bears the burden to prove the claims in his § 2255 motion." *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015). *See also Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017).

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621 (1998)

(quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)). A petitioner may collaterally challenge "the voluntariness and intelligence of a guilty plea" but only if he first advanced such an argument on direct appeal. *Id.* "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Id.* (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)).

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). "This rule generally applies to all claims, including constitutional claims." *Id.* To avoid a procedural bar, a petitioner "must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error," or he must demonstrate he "is actually innocent." *Id.* (citing *Bousley*, 523 U.S. at 622). The phrase "actual innocence means factual innocence" and requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks omitted).

### IV. BACKGROUND, MOTION & DISCUSSION

On September 22, 2022, at a change-of-plea hearing, Petitioner, through counsel, entered a guilty plea and consented to the United States Magistrate Judge Patricia D. Barksdale conducting the proceedings required by Rule 11

of the Federal Rules of Criminal Procedure. *See* Crim. Docs. 28, 29. Petitioner pled guilty to one count of the indictment, possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Crim. Doc. 1; Crim. Doc. 28. The Magistrate Judge issued a Report and Recommendation, recommending that the Court accept Petitioner's guilty plea as "knowingly, freely, intelligently, and voluntarily made" and further finding Petitioner admitted to facts that "establish the elements of the charged offense." *See* Crim. Doc. 31.

On September 28, 2022, the undersigned adopted the Report and Recommendation, accepted Petitioner's guilty plea, and adjudicated him guilty. *See* Crim. Doc. 33. Judgment was entered on December 22, 2022. *See* Crim. Doc. 40. The Court adopted the PSI report without change and sentenced Petitioner to serve fifty-seven months in prison followed by two years of supervised release. *See* Crim. Docs. 39, 41; *see also* Crim. Doc. 37 (sealed PSI Report). When Petitioner did not seek an appeal within the time prescribed, the Court *sua sponte* ordered him to file a "written declaration that the decision not to file a notice of appeal was his informed and voluntary choice," or, if not, to so advise the Court in a written statement. *See* Crim. Doc. 42. Petitioner did not respond to the Order. As such, his non-response was "deemed by the Court to be an acknowledgment by [him] that the decision not to pursue an appeal

6

was his informed and voluntary choice." *Id.*

In his Motion to Vacate, Petitioner argues he is actually innocent of the crime charged because §§ 922(g)(1) and 924(a)(2) are unconstitutional.[3] *See generally* Civ. Doc. 1. Petitioner contends that this Court should declare § 922(g)(1) unconstitutional as violative of his Second Amendment right to bear arms, in part because it does not require the Government to make a particularized, individualized showing that a specific defendant is particularly dangerous or mentally ill. *See id.* at 6–8 (citing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)).

The Government argues Petitioner procedurally defaulted his claim because he did not raise a constitutional challenge in this Court or on appeal. *See* Civ. Doc. 3 at 2–3. Alternatively, the Government argues his claim fails on the merits. *Id.* at 3.

The Court agrees with the Government that Petitioner's claim is procedurally defaulted and, alternatively, lacks merit. Petitioner does not dispute that he did not challenge the constitutionality of § 922(g)(1) on appeal, and he does not demonstrate "cause for not raising the claim of error on direct

---

[3] Section 924(a)(2) is the penalty provision for a violation of § 922(g)(1), which prohibits the possession of a firearm by a convicted felon. Given Petitioner takes issue with the provision that "excludes an entire class of citizens" from enjoying their Second Amendment right to bear arms, *see* Pet. Mot. at 4, 8, the Court will reference solely § 922(g)(1) in its discussion.

7

appeal *and* actual prejudice from the alleged error." *See Lynn*, 365 F.3d at 1324. He also does not demonstrate he "is actually innocent" of the crime to which he pled guilty. Indeed, he does not dispute that he engaged in the conduct that resulted in his arrest and conviction.

At his change-of-plea hearing, Petitioner acknowledged he read and understood the indictment and reviewed it with his attorney, and he conceded that he (1) knowingly possessed a firearm in or affecting interstate or foreign commerce, (2) before possessing the firearm, he had been convicted of a felony, and (3) at the time he possessed the firearm, he knew he had been convicted of a felony. *See* Crim. Doc. 32 (sealed audio of change-of-plea hearing). The Government read the factual proffer verbatim from the notice it filed with the Court, including the end of paragraph one from the Personalization of Elements (supporting the interstate commerce element). *See id.*; *see also* Crim. Doc. 30 at 2–3. Petitioner agreed to the factual basis proffered by the Government. *See* Crim. Doc. 32 (sealed audio of change-of-plea hearing). He agreed he was pleading guilty because he was guilty. *Id.* As the Magistrate Judge found, "the facts that [Petitioner] admitted [at the plea hearing] establish the elements of the charged offense." *See* Crim. Doc. 31.

Petitioner's sole (implied) argument to overcome procedural default is based on the underlying faulty premise that § 922(g)(1) is unconstitutional.

The Eleventh Circuit has soundly rejected this argument. *See United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010) ("Section 922(g)(1) is Constitutional."). Contrary to Petitioner's suggestion, the Supreme Court's *Bruen* decision did not implicitly overrule the Eleventh Circuit's decision. *See* 597 U.S. at 71 (holding a New York law was unconstitutional because it prevented "law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms").

The Supreme Court has unequivocally recognized that the Second Amendment right to bear arms is "not unlimited" and is not infringed by "prohibitions on the possession of firearms by felons." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (holding unconstitutional laws that prohibited law-abiding people from possessing and using handguns inside their homes); *see also Bruen*, 597 U.S. at 21, 38 n.9 (clarifying that its holding does not extend to licensing regimes that do not prohibit "law-abiding, responsible citizens from exercising their Second Amendment right to public carry" (internal quotation marks omitted)); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons . . . .'").

Finding Petitioner's claim is procedurally defaulted and otherwise meritless, it is hereby **ORDERED**:

1. Petitioner's Motion (Civ. Doc. 1, Crim. Doc. 46) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. Petitioner's letter (Doc. 5) is **STRICKEN**.

3. Petitioner's Motion to Correct (Doc. 6) is **DENIED**.

4. The **Clerk** is directed to enter judgment denying the Motion to Vacate and dismissing the action with prejudice, terminate any pending motions as moot, and close the file.

5. If Petitioner appeals this Order, **the Court denies a certificate of appealability**.[4] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of April

2026.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Stephan Leon Marshall
     Counsel of Record

11